UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYKING SMITH,                                      Case No. 24-13000

                              Plaintiff,           David M. Lawson
v.                                                 United States District Judge

RICHARDSON,                                        Curtis Ivy, Jr.
                                                   United States Magistrate Judge

                    Defendants.
_____/

**ORDER VACATING ORDER TO SHOW CAUSE AND STRIKING
PLAINTIFF'S RESPONSE TO DEFENDANT'S ANSWER (ECF No. 32)**

On December 29, 2025, the Court ordered Defendant Richardson to respond

to Plaintiff MyKing Smith's Complaint by January 20, 2026.  (ECF No. 25).

When Defendant did not do so, the Court entered an Order to Show Cause which

required him to either explain why a default judgment should not be entered

against him or, alternatively, respond to Plaintiff's Complaint.  (ECF No. 28).

Defendant's response was due February 9, 2026.  On that date, Defendant—

through counsel—filed his *Answer to Plaintiff's Complaint* (ECF No. 29).  Thus,

the Order to Show Cause is hereby **VACATED**.

On March 3, 2026, Plaintiff filed his *Response to Defendant's Answer to

Plaintiff's Complaint* (ECF No. 32).  As the title of this filing suggests, Plaintiff

responds to Defendant's purportedly "vague undescriptive response" to his

Complaint.  (*Id.* at PageID.148).  But there is nothing improper with Defendant's pleading.  As required, Defendant admitted, denied, or stated he lacked knowledge sufficient to form a belief as to the allegations in Plaintiff's Complaint.  And in any event, Federal Rule of Civil Procedure 7(a)(7) identifies what pleadings are permissible and provides for a reply to an answer "if the court orders one."  The Court did not order such a reply and does not find a reply necessary.  *See Crosky v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-cv-00400, 2010 WL 3061816, at *2 (S.D. Ohio Aug. 3, 2010) (striking unauthorized reply to answer); *see also Phifer v. Grand Rapids*, No. 1L08-cv-665, 2009 WL 1771177, at *3 (W.D. Mich. June 23, 2009) ("Plaintiff's status as a *pro se* litigant does not excuse h[im] from following court rules.").  Accordingly, the Court **STRIKES** Plaintiff's *Response to Defendant's Answer to Plaintiff's Complaint* (ECF No. 32) from the record.

There is one other item worth noting.  In this now-stricken filing, Plaintiff repeatedly stated that MyKween Smith is still a party to this action.  He is mistaken.  When the Court partially dismissed Plaintiff's Complaint it said the following: "MyKween Smith cannot proceed as a plaintiff in this case for two reasons: she did not sign the complaint; and MyKing Smith is not authorized as an attorney or otherwise to assert claims on her behalf."  (ECF No. 6, PageID.29) ("MyKween Smith must be dismissed as a plaintiff in this case.").  The Court then "**ORDERED** that the case [be] **DISMISSED WITHOUT PREJUDICE** as to

2

plaintiff MyKween Smith." (*Id.* at PageID.31).  MyKween's status as a party was therefore terminated on the same day that the Court entered that Order.  That is why virtually every Order from the Court only lists MyKing Smith as Plaintiff and does not include MyKween Smith.  (ECF Nos. 7, 8, 9, 15, 18, 22, 25, 28).

There is no discernible document in the record indicating that Plaintiff MyKing Smith has amended his complaint to properly rejoin MyKween.  In fact, the only document in the record bearing MyKween's signature is the *Notice of Appeal of their Civil Rights Complaint w/Jury Demand* (ECF No. 11).  There, the asserted basis for the appeal was that MyKween tried to "electronically sign her name as a joint filer in the complaint but was prevented by the electronic filing system." (ECF No. 11, PageID.43).  Notably, the Sixth Circuit dismissed the appeal for lack of jurisdiction.  (ECF No. 16).

As it currently stands, MyKween Smith is not a party to this action based on the Court's Order dismissing her and the Sixth Circuit dismissal of the related appeal.  If MyKing wishes for MyKween to be a plaintiff here, then he must file a motion to amend **within thirty days of this Order being filed**.  MyKing is cautioned that he must satisfy the applicable Federal Rules of Civil Procedure and Local Rules of this Court if he intends to file a proper amendment.

**IT IS SO ORDERED**.

3

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 13, 2026                         s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 13, 2026., by electronic means and/or ordinary mail.

                                             s/Sara Krause
                                             Case Manager
                                             (810) 341-7850

4